OPINION OF THE COURT

Per Curiam.

During a police department disciplinary proceeding petitioner agreed to enter a nolo contendere plea with the understanding that he would forfeit 30 days’ pay and be placed on probation for one year. Neither the trial commissioner nor the prosecutor stated explicitly that the plea was conditioned on the police commissioner’s approval or that it was not. Though the trial commissioner recommended acceptance of the plea, the police commissioner rejected it and ordered that there be a departmental hearing.
After hearing, the charges against petitioner were sustained and upon recommendation of the trial commissioner, he was dismissed by the police commissioner. In this article 78 proceeding petitioner contends that the plea arrangement negotiated by the trial commissioner was binding on the police commissioner, and that he is, therefore, entitled to reinstate *231 ment. Special Term relying on Matter of Brown v Codd (62 AD2d 547) annulled the commissioner’s determination and remanded the matter to the department for rehearing and reconsideration. The Appellate Division affirmed, on constraint of Matter of Brown (supra).
Petitioner’s first argument, that the police commissioner is estopped by the plea arrangement made by the trial commissioner, is negated by the acknowledgment of his attorney during oral argument that petitioner suffered no detriment through loss of a witness or otherwise. He argues further that the trial commissioner’s determination to accept the plea is binding upon the police commissioner because section 434-a-14.0 of the Administrative Code of the City of New York authorizes the hearing of disciplinary charges against members of the police force by "the commissioner, or one of his deputies” in accordance with rules and regulations prescribed by the commissioner (subd b) and provides that "the commissioner, or the deputy * * * hearing * * * the charges” may place the department member on probation for a period not exceeding one year, and that the commissioner may impose punishment at any time during that period (subd d). He relies also upon CPLR 2104 which makes an oral stipulation in open court binding on the parties to it.
CPLR 2104 is not helpful -to petitioner because departmental proceedings are not, however similar to a courtroom setting the physical surroundings may be, conducted in a court but in an administrative proceeding. No more helpful are the Administrative Code provisions which simply authorize a deputy to conduct hearings, but appear to leave ultimate discipline to the commissioner, and do not speak to the extent to which a trial commissioner can make an agreement binding upon the commissioner.
Nor do we find persuasive the reasoning of Matter of Brown (supra). Though the trial commissioner may negotiate plea settlements in disciplinary matters and could by appropriate express regulation or other express delegation be given authority to enter into binding plea arrangements, petitioner has not established that the commissioner in fact did so either in his case or generally. Given the sensitive nature of the work of the police department and the importance of maintaining both discipline and. morale within the city’s "chosen mode of organization for its police force” (Kelley v Johnson, 425 US 238, 247), we believe that there are, indeed, policy *232 impediments precluding enforcement of plea arrangements negotiated by a trial commissioner, absent express prior delegation of that authority by the commissioner or subsequent express approval of the particular bargain made in an individual case.
Accordingly, the order of the Appellate Division should be reversed and the commissioner’s order of dismissal reinstated, without costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Order reversed, without costs, and the determination of the police commissioner reinstated.